**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | No. CR 92-00427-002-PHX RCB |
| vs.                        ) | O R D E R |
| Ramon Lopez,                ) | |
| Defendant/ ) | |
| Movant.    ) | |

   P*ro se* defendant/movant, Ramon Lopez, is serving a 240 month sentence for conspiracy to possess with intent to distribute heroin, and for possession with intent to distribute heroin. Currently pending before the court is defendant's "motion for modification of his sentence[.]"  Mot. (doc. 108) at 1.  Putting the proverbial cart before the horse, the United States of America ("the government") opposes this motion on the merits.  See Resp. (doc. 110) at 3.  The government then goes on to argue lack of jurisdiction.  Id. at 3-4.  The government's arguments are both valid.  Accordingly, the court denies this motion.

. . .

### *Background*

At his December 6, 1993 sentencing, defendant "was held accountable for 1,049 grams of heroin," which, under the United States Sentencing Guidelines ("USSG") then in effect, resulted in a corresponding Total Offense Level of 32. Resp. (doc. 110) at 3:7. That, in combination with six criminal history points, placed defendant in a Criminal History Category of III. Id. at 3:7-8 (citing doc. 70). Based upon the foregoing, "defendant faced a [USSG] range of 151 to 188 months imprisonment." Id. at 3:9-10 (citation omitted). Defendant's prior felony drug conviction took him outside that sentencing range, however. Due to that prior conviction, this court was statutorily mandated to sentence defendant to "a term of imprisonment which may not be less than 20 years[.]" See 28 U.S.C. § 841(b)(1)(A)(I) (West Supp. 2008).

The Ninth Circuit Court of Appeals affirmed defendant's conviction. Doc. 82. It also later affirmed this court's denial of defendant's motion to disclose grand jury materials in connection with his conviction. U.S. v. Lopez, 141 F.3d 1181 (9th Cir. 1998) (unpublished). Defendant next filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (doc. 93), which this court ultimately denied. Doc. 102. Approximately six and a half years later, defendant filed this motion to modify his 20 year sentence.

### *Discussion*

Preliminarily, the court observes that the second page of defendant's motion is missing, both from the filed version and from the version served upon the government. See Resp. (doc. 110) at 3 n. 2. As explained below, however, because defendant is not

entitled to modification pursuant to 18 U.S.C. § 3582(c)(2), nothing in that missing page would change the result here.

Additionally, the docket entry indicates that this motion is "for Retroactive Application of Sentencing Guidelines to Crack Cocaine[.]" Doc. 108. As the government accurately points out, however, "[the defendant was convicted and sentenced . . . *without* reference to crack cocaine or cocaine base." Resp. (doc. 110) at 2 n. 1 (emphasis added). Defendant's conviction and sentence were predicated upon his being "held accountable for 1,049 grams of heroin[.]" Id. at 2:6-7. Thus, defendant is not entitled to avail himself of the amendment to the USSG, effective November 1, 2007, which "reduced] the base offense level for each threshold quantity of crack cocaine by two levels."[1] See U.S. v. Grissom, 525 F.3d 691, 699 (9th Cir. 2008) (citations omitted).

Having dispensed with those preliminary issues, the court will turn to the parties' respective arguments. Insofar as the court is able to discern, defendant is relying upon "Retroactive **Amendment** 501" as a basis for modifying or reducing his sentence. See Mot. (doc. 108) at 1. Defendant further asserts that that amendment "applies to the selection of relevant offense guideline, **§ 2D1.1(2).**" Id. (internal quotation marks omitted). Lastly,

---

[1] For reasons unknown to this judge, in addition to the docket entry referenced above, there is another entry which reads as follows:

> (Court only) JS-2 Information re Crack Cocaine Offense added re **108** MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. 3582 as to Ramon Lopez. This entry stems from new statistical reporting requirements of crack cocaine resentencings.

This case was improperly designated as a crack cocaine resentencing in the first instance and now, evidently, also is improperly appearing on some statistical report. The clerk of this court should amend the foregoing docket entry to delete any reference to cocaine, crack or otherwise.

claiming that he meets "the criteria[] found in . . . **retroactive Amendments 591, 484** and **501**[,]" defendant seeks to have this court "reduce[] his Sentence[] . . . pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a)(2)(c)."  Id. at 2.

Taking the government's arguments in reverse order, it first contends that jurisdiction is lacking here because "the current [USSG] provide for the exact same sentencing range as that calculated in 1993."  Resp. (doc. 110) at 3.  On the merits, the government argues that defendant's reliance upon Amendments 591, 484, and 501 is misplaced.  As explained below, the government's position is well taken.

### ***I.  Jurisdiction***

Section 3582(c)(2), the primary statutory basis for defendant's motion, severely restricts the circumstances under which a court may modify a term of imprisonment:

> The court may *not* modify a term of imprisonment once it has been imposed *except that* . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range* that has *subsequently* been *lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, afer considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (West 2000) (emphasis added).  The fundamental flaw with defendant's argument is that he was not "sentenced to a term of imprisonment *based on a sentencing range* that has been subsequently lowered by the Sentencing Commission[,]" as that statute mandates.  See id. (emphasis added).  Rather, as earlier explained, defendant Lopez' sentence was imposed in

-4-

accordance with section 841's statutory minimum. Thus, defendant is mistakenly relying upon "§ 3582(c)(2), which creates jurisdiction where the 'sentencing range' has been lowered[.]" See U.S. v. Orantes-Arriaga, 244 Fed.Appx. 151, 152 (9th Cir. Aug. 1, 2007). Given that defendant was sentenced pursuant to a statute, and not under the USSG, there was no "sentencing range" which could be subsequently lowered by the Sentencing Commission. Consequently, § 3582(c)(2) does "not confer jurisdiction on th[is] district court to resentence" defendant Lopez. See id. (citation omitted).

Jurisdiction is lacking here for the additional reason that even if defendant had not been subject to a statutory minimum, his USSG range is exactly the same now as it was at his 1993 sentencing. In 1993, 1,049 grams of heroin resulted in an offense level of 32; the same is still true today. See U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(4) (Nov. 1, 2008). Likewise, "[a] level 32 offense, with a criminal history category of III, still results in a sentencing range of 151-188 months." Resp. (doc. 110) at 3:23-24. Thus, even if defendant's 1993 sentence had been imposed pursuant to the USSG range, there has not been an amendment thereto which actually lowers that range. Consequently, this court lacks jurisdiction to modify or reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). See U.S. v. Forcelledo, 2009 WL 362932, at *2 (D.Or. March 9, 2009) (citing cases) ("If a Guideline amendment does not actually lower a defendant's sentencing range, . . . , the sentencing court lacks jurisdiction to modify the sentence.")

### *II. Merits*

Taking into account defendant's *pro se* status, the court is

compelled to comment that even if it had jurisdiction to consider his motion, defendant still would not prevail.  None of the three amendments to which defendant's motion refers, 591, 484 and 501, changed the USSG calculation method.  Amendment 484 pertains to the "meaning of the term 'mixture or substance,' as used in § 2D.1[]" - a term not at issue in defendant's case.  See Resp. (doc. 110), attachment (doc. 110-2) thereto at 3.  Amendment 501, pertaining to restitution, also did not impact defendant's sentencing range.  See id., attachment thereto (doc. 110-2) at 4.  What is more, both of those amendments became effective on November 1, 1993, prior to defendant's sentencing.  See id., attachment thereto (doc. 110-2) at 3 and 5.

In contrast, the third amendment to which defendant cites -- 591 -- did become effective after his sentencing (*i.e.*, November 1, 2000).  See id., attachment thereto (doc. 110-2) at 8.  Once again, however, this amendment has absolutely no bearing on defendant's sentencing range.  It addresses "enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals)[,]" factors which did not impact defendant's sentencing in this case.  See id., attachment thereto (doc. 110-2) at 7.  In short, none of the amendments upon which defendant is relying as a basis for modifying his sentence have any applicability here.  Therefore, even if the court had jurisdiction over this matter, which it does not, there is no legal basis for modifying defendant's sentence.

Again, taking into account defendant's *pro se* status, the court has one final observation.  Even if the missing page from defendant's motion includes an argument based upon United States v.

1  <u>Booker</u>, 551 U.S. 338, 127 S.Ct. 2456, 160 L.Ed.2d 621 (2005), he
2  would fare no better.  In <u>Carrington v. U.S.</u>, 503 F.3d 888 (9th
3  Cir. 2007), the Ninth Circuit expressly held that because "*Booker*
4  did not lower sentencing ranges; nor was *Booker* an action 'by the
5  Sentencing Commission[,]' . . . § 3582(c)(2), by its own terms,
6  does not apply[.]" <u>Id.</u> at 891 (citation omitted).  Therefore,
7  whether viewed in terms of jurisdiction or on the merits, the court
8  finds no basis for defendant's motion to modify or reduce his
9  sentence.
10      Accordingly, the court hereby ORDERS that defendant Ramon
11 Lopez's "Motion for Modification of His Sentence" (doc. 108) is
12 DENIED.
13      DATED this 5th day of May, 2009.

_____
Robert C. Broomfield
Senior United States District Judge

26 Copies to counsel of record and defendant *pro se*