1   **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ramon Lopez, | ) | |
| | ) | |
| Petitioner, | ) | No. CR 92-00427-002-PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner *pro se*, Ramon Lopez, is serving a 240 month sentence for conspiracy to possess with intent to distribute heroin, and for possession with intent to distribute heroin. Currently pending before the court is "Defendant['s] Own Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Federal Rules of Criminal Procedure Rule 35, effective December 1, 2009" (emphasis omitted) (doc. 113). In United States v. Lopez, 2009 WL 1259268 (D.Ariz. May 6, 2009) ("Lopez I"), this court held that it "lack[ed] jurisdiction to modify or reduce [petitioner's] sentence pursuant to 18 U.S.C. § 3582(c)(2)." See id. at *2 (citation

omitted). There have been no changes from that time to this warranting a different result now. Thus, for the same reasons articulated in Lopez I, section 3582(c)(2) does not confer jurisdiction upon this court to consider this motion to reduce petitioner's sentence. Fed. R. Crim. Proc. 35 also does not provide a jurisdictional basis for this motion, as explained below. Finally, as also explained below, even if the court had jurisdiction, this motion lacks merit. Thus, the court denies petitioner Lopez' motion in its entirety.

## *Background*

The factual background taken verbatim from Lopez I is as follows:

> At his December 6, 1993 sentencing, [petitioner] was held accountable for 1,049 grams of heroin, which, under the United States Sentencing Guidelines ('USSG') then in effect, resulted in a corresponding Total Offense Level of 32. . . . That, in combination with six criminal history points, placed [petitioner] in a Criminal History Category of III. . . . Based upon the foregoing, [petitioner] faced a [USSG] range of 151 to 188 months imprisonment . . . . [Petitioner's] prior felony drug conviction took him outside that sentencing range, however. Due to that prior conviction, this court was statutorily mandated to sentence [petitioner] to a term of imprisonment which may not be less than 20 years.
>
> The Ninth Circuit Court of Appeals affirmed [petitioner's] conviction. . . . It also later affirmed this court's denial of [petitioner's] motion to disclose grand jury materials in connection with his conviction. . . . Defendant next filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 . . . , which this court ultimately denied. . . .

Lopez I, 2009 WL 1259268, at *1 (citations and internal quotation marks omitted). Six and a half years after that denial, petitioner filed a motion for modification or reduction of his sentence, which the court denied for lack of

-2-

jurisdiction.  Id. at *2.

In this motion for a reduction in his sentence, petitioner notes that "the court *may* reduce the . . . term of [his] imprisonment, considering the factors set forth in section 3553(a) to the exten[t] that they are [a]pplicable[.]"  Mot. (doc. 113) at 1 (emphasis added). That statute enumerates the factors which a court must consider in imposing a sentence.  In arguing for a "down[ward] departure" of an unspecified duration, petitioner relies upon "his status as [a] deportable alien," as well as his purported "eligib[ility] for the early release program" for convictions based upon "nonviolent crimes."  Id.

The United States of America did not file a response to this motion.  Because the court so clearly lacks jurisdiction, it deemed a response by the government unnecessary, and is resolving this matter based upon petitioner's motion and the applicable law.

### *Discussion*

### *I. Jurisdiction*

As a court of limited jurisdiction, this district court must address the threshold issue of whether jurisdiction exists here.  See U.S. Jacobo Castillo, 496 F.3d 947, 951 (9th Cir. 2007).  Generally, "a 'court . . . may not correct or modify a prison sentence once it has been imposed' unless permitted by statute or Rule of Criminal Procedure 35." Reynaga v. United States, 2009 WL 1324768, at *1 (E.D.Cal. May 12, 2009) (quoting United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003)).

-3-

Approximately five months after <u>Lopez I</u>, anticipating the amendments to the Federal Rules of Criminal Procedure, which took effect on December 1, 2009, petitioner filed this motion for a reduction in sentence. Petitioner's motion can be read as asserting two jurisdictional bases: (1) 18 U.S.C. §3582(c)(2); and (2) Fed. R. Crim. Proc. 35, which the court will address in reverse order.

### ***A. Fed. R. Crim. Proc. 35(a)***

Petitioner does not explicitly rely upon Rule 35(a) as a jurisdictional basis for this motion. However, because petitioner is invoking that Rule on the merits, and due to his *pro se* status, the court must consider whether Rule 35(a) grants it jurisdiction to entertain the pending motion.

Pursuant to 18 U.S.C. 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" 18 U.S.C. § 3582(c) (West Supp. 2009). As with 90 other rules of Federal Appellate, Bankruptcy, Civil and Criminal Procedure, effective December 1, 2009, Fed. R. Crim. Proc. 35, was amended to revise the time period set forth therein. In particular, subsection (a) of that Rule was amended to provide that "within 14 days after sentencing," rather than seven as previously allowed, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. Proc. 35(a) (eff. Dec. 1, 2009).

Petitioner was sentenced on December 6, 1993. Thus, regardless of whether the time frame under Rule 35(a) is

-4-

seven or 14 days, it has long since passed.  Accordingly, the
court does not have jurisdiction to reduce petitioner's
sentence under that Rule.  See United States v. Morales, 328
F.3d 1202, 1204 (9th Cir. 2003) (citation omitted) (district
court lacked jurisdiction under Rule 35(a) to modify sentence
where defendant sought such relief in a motion brought
"approximately ten years after [his] sentencing[]"); see also
United States v. Chan, 2007 WL 2949552, at *2 (N.D.Cal.),
aff'd without pub'd opinion, 294 Fed.Appx. 262 (9th Cir.
2007)(court "no longer ha[d] jurisdiction" pursuant to Rule
35(a) where defendant brought motion to reduce her
restitution, which was part of her sentence, four and a half
years after sentencing); and United States v. Woodruff, 2008
WL 906808, at *2 (N.D.Cal. April 3, 2008) (citation omitted)
(court lacked jurisdiction to "revisit defendant's
restitution judgment[]" where Rule 35(a)'s "seven-day window
after defendant's sentencing closed more than nine years
before defendant filed []his motion[]").

### **B.  18 U.S.C. § 3582(c)(2)**

For the same reasons identified in Lopez I, petitioner's
asserted statutory basis for jurisdiction also does not
apply.  As previously alluded to, the court's jurisdictional
analysis in Lopez I applies with equal force here.  In Lopez
I this court explained that it lacked jurisdiction for the
following reasons:

>     Section 3582(c)(2), . . ., severely restricts
> the circumstances under which a court may modify
> a term of imprisonment:
>
> >     The court may not modify a term of imprisonment

-5-

> once it has been imposed *except that* ... in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range* that has *subsequently* been *lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, afer considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> 18 U.S.C. § 3582(c)(2) (West 2000) (emphasis added). The fundamental flaw with [petitioner's] argument is that he was not 'sentenced to a term of imprisonment *based on a sentencing range* that has been subsequently lowered by the Sentencing Commission[,]" as that statute mandates. *See id.* (emphasis added). Rather, . . . Lopez' sentence was imposed in accordance with section 841's statutory minimum. Thus, [petitioner] is mistakenly relying upon '§ 3582(c)(2), which creates jurisdiction where the 'sentencing range' has been lowered[.]' *See U.S. v. Orantes-Arriaga*, 244 Fed.Appx. 151, 152 (9th Cir. Aug. 1, 2007). Given that [petitioner] was sentenced pursuant to a statute, and not under the USSG, there was no 'sentencing range' which could be subsequently lowered by the Sentencing Commission. Consequently, § 3582(c)(2) does 'not confer jurisdiction on th[is] district court to resentence' . . . Lopez. *See id.* (citation omitted).

Lopez I, 2009 WL 1259268, at *2. The court further explained:

> Jurisdiction is lacking . . . for the additional reason that even if [petitioner] had not been subject to a statutory minimum, his USSG range is exactly the same now as it was at his 1993 sentencing. In 1993, 1,049 grams of heroin resulted in an offense level of 32; the same is still true today. . . . Likewise, [a] level 32 offense, with a criminal history category of III, still results in a sentencing range of 151-188 months. . . . Thus, even if [petitioner's] 1993 sentence had been imposed pursuant to the USSG range, there has not been an amendment thereto which actually lowers that range. Consequently, this court lacks jurisdiction to modify or reduce [petitioner's] sentence pursuant to 18 U.S.C. § 3582(c)(2).

Id. (citations and internal quotation marks omitted).

Adopting this prior reasoning in full, and on the basis thereof, the court finds that section 3582(c)(2) does not

confer jurisdiction upon it to entertain this motion for a reduction in sentence. For the foregoing reasons, neither 18 U.S.C. § 3582(c)(2) nor Rule 35 provide a jurisdictional basis for this court to entertain petitioner's motion.

### *II. Merits*

Despite its lack of jurisdiction, again taking into account petitioner's *pro se* status, the court will comment upon the merits, or, more appropriately, the lack thereof as to this motion. Petitioner specifically seeks "reduc[tion] [of his] sentence in accordance with the . . . *amendment*" of Rule 35(a), which recently went into effect. Mot. (doc. 113) at 1 (emphasis added). Petitioner Lopez is correct in noting Rule 35's recent amendment. However, that amendment has no bearing on the merits of petitioner's motion because he is not claiming any "arithmetical, technical, or other clear error." See Fed. R. Crim. Proc. 35(a). Therefore, even assuming, *arguendo*, the court has jurisdiction, on the merits, Rule 35 cannot form the basis for reducing petitioner's sentence. See United States v. Vega, 2007 WL 1367719, at *1 (W.D.Wash.) (defendant failed to make a "viable Rule 35 request[]" where he did "not identify any 'clear error' in the judgment"), reconsideration denied, 2007 WL 1655229 (W.D.Wash. June 6, 2007), aff'd without pub'd opinion, 316 Fed.Appx. 644 (9th Cir. 2009). In short, not only does the court lack jurisdiction to consider this motion, but even if it had jurisdiction, there is no basis for reducing petitioner's sentence.

### *Conclusion*

Because the court lacks jurisdiction, it hereby ORDERS

that the "Motion for Sentencing Reduction Pursuant to 18 U.S.C.A. §3582(c)(2) Federal Rules of Criminal Procedure Rule 35, effective December 1, 2009" by petitioner Ramon Lopez (doc. 113) is DENIED.

DATED this 9th day of December, 2009.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and petitioner *pro se*